# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Cecilia C. Mak,

    Plaintiff,

v.

Argent Mortgage Company, LLC,

    Defendants.

CIVIL ACTION NO.
1:07-cv-02806-JOF

## OPINION & ORDER

This matter is before the court on Plaintiff's motion to dismiss, add party, appoint special master [100]; Argent Mortgage's motion for an extension of time to file response [101]; Argent Mortgage's motion for reconsideration [113]; Wachovia Mortgage's motion for reconsideration [114]; and Amy and Floyd Brooks's motion for reconsideration [118].

In an order dated September 15, 2009, this court discussed the complicated factual and legal background to the instant property dispute. This order presumes familiarity with the court's prior ruling. Ultimately, the court determined that: (1) Paul and Stephen Redd had a legal right to convey the property by quitclaim deed in 2003 to Paul Redd only (*see* Order, at 13); (2) under O.C.G.A. § 44-14-67(a), because the payment from Stephen Redd to Bank of America purporting to pay off the mortgage was denied for insufficient funds,

by operation of law, title in the property could not be reconveyed to Paul Redd and thus Bank of America's security interest was never reconveyed (*id.* at 13-15); (3) it is unlikely that Bank of America's attempted Rescission of Cancellation had any legal effect and because it had no legal effect, it could not be violative of the bankruptcy stay and Bank of America retained its senior security interest in the property at that time (*id.* at 15-18); and (4) because the United States Government had notice of the foreclosure sale from Bank of America to Mak and took no action to protect its tax lien, the lien was extinguished (*id.* at 18-21). Because the court found that Bank of America had the superior security interest in the property, the court did not find it necessary to determine whether Mak or Argent Mortgage were bona fide good faith purchasers or whether the Redd/Stringer conveyance violated the automatic stay of the Bankruptcy Court. *Id.* at 22. Rather, those who took out of the superior Bank of America line would remain superior.

The court noted, however, that non-parties Amy & Floyd Brooks and their mortgage company, Wachovia Mortgage FSB, had some interest in the property and should be able to speak to the matter. Therefore, the court stated that it was issuing its order conditionally and granted the Brookses and/or Wachovia leave to file motions for reconsideration. *See* Order, dated Sept. 15, 2009, at 10.

Since that order, Todd Hatcher, of Brock, Clay, Calhoun & Rogers, has appeared as counsel for the Brooks (presumably out of their title insurance) and James Doyle II of

2

Lewis, Brisbois, Bisgaard & Smith, as counsel for Wachovia Mortgage FSB. Both the Brookses and Wachovia Mortgage, as well as Argent Mortgage, filed motions for reconsideration of the court's order. Of the numerous conclusions reached by the court, all three parties essentially raise the same two arguments: (1) the court committed clear error when it determined that under O.C.G.A. § 44-14-67(a), if the underlying debt was not paid, title in the property could not revert to the grantor and (2) the court should appoint a special master to oversee the legal dispute among the parties.

None of the motions for reconsideration raises new arguments not brought before the court during the briefing of the parties' previous motions. On that basis alone, the court could deny the motions for reconsideration.[1] In any event, the court considers again the issue of cancellation under O.C.G.A. § 44-14-67(a). That statute provides:

> In all cases where property is conveyed to secure a debt, the surrender and cancellation of the deed, in the same manner as mortgages are cancelled, ***on payment of the debt*** to any person legally authorized to receive the same, shall operate to reconvey the title of the property to the grantor or the grantor's heirs, executors, administrators, or assigns.

*Id.* (emphasis added). Argent Mortgage, the Brookses, and Wachovia Mortgage contend that despite the clear language of this statute, once Bank of America filed a Release, it no longer had legal right to the property and title was reconveyed to Paul Redd. They cite

---

[1] Additionally, the court does note that it would appear that Argent Mortgage does not have standing to ask the court to reconsider its previous rulings as Argent Mortgage no longer has an interest in the property.

3

*Northwest Carpets, Inc. v. First National Bank*, 280 Ga. 535 (2006), *Taylor, Bean & Whitaker Mortgage Corp. v. Brown*, 276 Ga. 848 (2003), *Murray v. Johnson*, 222 Ga. 788, 789 (1966), *In re Hitchcock*, 283 F. 447 (N.D. Ga. 1922) (Sibley, J.), *Woodside v. Lippold*, 113 Ga. 877, 880 (1901), and Daniel F. Hinkel, Pindar's Georgia Real Estate Law and Procedure, § 21-54 (6th ed. 2004) ("A cancellation obtained by fraud or mistake without payment may itself be cancelled by a court of equity, but not after the rights of innocent third persons have intervened."), to support their arguments.

Before considering this case law, the court notes that the arguments of Argent Mortgage, the Brookses, and Wachovia Mortgage primarily relate to whether subsequent bona fide purchasers could take interest in the property. The question before the court with respect to the Bank of America Release, however, is whether the Release would have any legal effect where no payment was made on the underlying debt. The relevant issue is who has legal right to convey the property, not what rights subsequent bona fide purchasers may have.

In *Hitchcock*, a security deed was given by the bankrupt to S.B. Carter more than four months prior to the filing of bankruptcy to secure antecedent indebtedness. Because Carter did not want Hitchcock to have to declare bankruptcy, he cancelled the security deed and redelivered it to Hitchcock. It was argued that because the security deed was not paid, and

4

no valuable consideration was given for the cancellation, it was ineffective and the security deed was still in force. The court held that:

> the references to payment of the debt in [the predecessor statute to § 44-14-67(a)] were not intended to condition the legal operation of the cancellation, but rather to indicate the occasion on which it might be demanded and recorded by the mortgagor. Third persons dealing with the property are not required to ascertain the validity of the cancellation, so far as consideration therefor is concerned. The purpose of the law, as the purpose of the person executing the cancellation, must be considered to advertise reliably to third persons the fact that the mortgagee or holder of the security deed no longer claims any rights thereunder. This, of course, does not preclude a proceeding to cancel a cancellation, if sufficient ground exists therefor, either as against the mortgagor or maker of the deed or third persons. But that the cancellation, until set aside, is regarded as final, independently of the consideration, appears from the case of *Woodside v. Lippold*, 113 Ga. 877 (1901), where a mortgage was canceled without any consideration, yet subrogation or other equitable relief was refused on the sole ground that, though done under a mistake, it had been negligently done. So in *Farkas v. Third National Bank of Albany*, 133 Ga. 755 (1910), a cancellation was upheld, although the debt had not been paid, but merely other security given. This, of course, as a consideration for the cancellation, but refutes the idea that the debt must have been paid.

283 F. at 449. The court concluded, however, by stating "[e]steeming the cancellation, voluntarily and purposefully done, without any fraud, accident, or mistake, to be valid and binding, I find it unnecessary to inquire into other questions argued." *Id.* Thus, it would appear that much of the prior discussion was dicta. The case has never been cited in any other opinion. Further, here, the cancellation was not accomplished without fraud or mistake.

5

Likewise, *Farkas* involved the priority of interests in certain cotton bales, but the holding was impacted by the fact that the bank released its interest based on a settlement agreement reached with the debtor which discharged the prior mortgage, an issue not present here. Similarly, *Woodside* involved a settlement and an "express and unequivocal intention on the part of both Woodside and the banking company that the liens of its mortgages should no longer exist, – that they should merge in the title which Woodside had acquired, – and such intention became effective, and the mortgages were extinguished." 113 Ga. at 879. Here, there was no settlement agreement and certainly no intention by the parties that Paul Redd's mortgage would be cancelled without the requirement of full payment.

*Murray v. Johnson*, 222 Ga. 788 (1966), addresses the rights of innocent third party purchasers and not whether legal title is reconveyed if no payment is made on a deed to secure debt. Further, the facts in *Murray* specifically counsel against Argent Mortgage's position. In *Murray*, the court held that interest in property obtained by plaintiffs who purchased the property under power of sale contained in a deed to secure debt transferred to the plaintiffs at the time when the chain of title showed a prior deed to secure debt to defendant was satisfied and before the defendant filed suit to have its satisfaction cancelled was superior to the defendant's interest in the property. Here, Bank of America's Rescission of Cancellation was in the chain of title prior to Argent Mortgage's issuance of a mortgage to Corey Stringer. Whatever *Murray* may hold as to bona fide purchasers is not relevant to

6

the question of whether title to the property was reconveyed to Paul Redd after his purported payment of a debt with a false pay-off check. For the same reason, Argent Mortgage's citation to Pindar is also not relevant to the legal question at hand.

Because these cases are distinguishable, the court declines to reconsider its prior ruling on the impact of § 44-14-67(a). The court also denies again the parties' motions to put the case before a special master. Finally, the court must make comment as to the unique position of the Brookses and their mortgage holder, Wachovia Mortgage, FSB. Both argue that as they have not been made parties to the case yet, they are not bound by the findings of the court. Alternatively, they contend, the court should add them as parties and allow them to conduct additional discovery. Neither, however, have explained what additional discovery would be relevant to their positions. As the court explained in its previous order, the Brookses took the property out of the line of Argent Mortgage and thus the Brooks's position rises or falls as to Argent Mortgage's position. There is no other discovery necessary for the court to rule on Argent Mortgage's position vis-a-vis Bank of America.

The Brookses also make a pass at arguing that they would have status as bona fide innocent purchasers. Again, the court notes that their position would still be subordinate to that of Bank of America. Further, the court is at a loss to imagine how the Brookses could be bona fide innocent purchasers. At the time the Brookses obtained the property in February 2009, the chain of title to this property contained: (1) Bank of America's

7

Rescission of Cancellation of Debt; (2) a federal tax lien; (3) two separate lis pendens; (4) two separate mortgages; and (5) two foreclosure deeds under power. It is nearly inconceivable that any title search at all would have failed to turn up any or all of these title defects. While the Brookses may have claims against their title company or Liquidated Properties as the seller of the property, they cannot avoid the fact they took their interest out of the Argent Mortgage line and are thus, subordinated to the interests of Bank of America.

For these reasons, the court DENIES AS MOOT Plaintiff's motion to dismiss, add party, appoint special master [100]; GRANTS Argent Mortgage's motion for an extension of time to file response [101]; DENIES Argent Mortgage's motion for reconsideration [113]; DENIES Wachovia Mortgage's motion for reconsideration [114]; and DENIES Amy and Floyd Brooks's motion for reconsideration [118].

The Clerk of the Court is DIRECTED to enter final judgment in favor of Plaintiff and against Defendants.

**IT IS SO ORDERED** this 24th day of November 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)